# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | | |
|---|---|---|---|
| STATE OF DELAWARE, | ) | | |
| | ) | | |
| v. | ) | ID# | 1207007229 |
| | ) | | 1208008381 |
| TRAVIS D. BOWERS, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## OPINION

Submitted: December 19, 2014
Decided: March 13, 2015

*Upon Consideration of Defendant's Motion
For Postconviction Relief,* **DENIED.**

*Upon Counsel's Motion to Withdraw*, **GRANTED.**

Julie A. Finocchiaro, Deputy Attorney General, Wilmington, Delaware, Attorney for the State.

Saagar B. Shah, Esquire, Wilmington, Delaware, Attorney for the Defendant.

Darryl J. Rago, Esquire, Wilmington, Delaware, Trial Attorney for the Defendant.

**MEDINILLA, J.**

1

## INTRODUCTION

On October 1, 2013, Defendant Travis Bowers ("Defendant") pleaded guilty to one count of Failure to Properly Report as a Registered Sex Offender and one count of Burglary Second Degree. On December 20, 2013, this Court sentenced Defendant to a total of thirteen months of incarceration, with a period of probation to follow. Defendant filed the instant Motion for Postconviction Relief on March 13, 2014. Defendant's appointed counsel filed a Motion to Withdraw on November 20, 2014, on the grounds that there are no meritorious claims which can be ethically advocated. For the reasons that follow, Defendant's Motion for Postconviction Relief is **DENIED** and Counsel's Motion to Withdraw is **GRANTED**.

## FACTUAL AND PROCEDURAL HISTORY

On May 29, 2012, New Castle County Police ("NCCPD") responded to a burglary complaint at a home on Marrows Road near Newark, Delaware. NCCPD lifted latent fingerprints from an exterior window near the point of suspected entry. Those fingerprints were a match for Defendant Travis Bowers ("Defendant"). Defendant was alleged to have taken valuables amounting to $585 from the residents of the home.

On July 6, 2012, NCCPD attempted to locate Defendant at his last known address in New Castle, Delaware. Defendant was and continues to be obligated to verify his residence to the State every six months because he is a registered sex offender. When NCCPD attempted to locate him in New Castle, they learned that Defendant had not resided there for five years. A warrant for Defendant's arrest was issued on August 10, 2012. NCCPD ultimately located Defendant on June 18, 2013, and arrested him for two counts of Failure to Properly Report as a Registered Sex Offender and one count each of Burglary Second Degree and Misdemeanor Theft.

On October 1, 2013, Defendant pleaded guilty to one count of Failure to Properly Report as a Registered Sex Offender and one count of Burglary Second Degree. During the plea colloquy, Defendant stated that he had read, understood, and signed the Truth-in-Sentencing Act Guilty Plea Form (the "TIS Form"). He acknowledged on the TIS Form that he was waiving his trial rights, including the right to challenge the evidence against him, and admitted his guilt for the stated offenses. Defendant indicated that he was satisfied with the representation of his trial counsel, and had not been threatened or forced into entering his guilty plea. Finding that the plea had a basis in fact and was entered knowingly, voluntarily, and intelligently, this Court accepted Defendant's offer to plead guilty as to both offenses.

On December 20, 2013, Defendant was sentenced to two years of Level V incarceration, suspended after one year pursuant to the minimum mandatory sentence for the offense of Burglary Second Degree. Also consistent with the plea agreement, pursuant to 11 *Del. C.* § 4214(a), Defendant was declared a habitual offender and sentenced to thirty days at Level V for the offense of Failure to Register.

On March 13, 2014, Defendant filed a motion for postconviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61"). On March 19, 2014, this Court directed counsel be appointed for Defendant ("Rule 61 Counsel"). On November 20, 2014, Rule 61 Counsel filed a Motion to Withdraw pursuant to Rule 61(e)(2).

## DISCUSSION

## MOTION TO WITHDRAW AS COUNSEL

This Court will first consider Rule 61 Counsel's Motion to Withdraw. Rule 61(e)(2) provides:

> If counsel considers the movant's claim to be so lacking in merit that counsel cannot ethically advocate it, and counsel is not aware of any other substantial ground for relief available to the movant, counsel may move to withdraw. The motion shall explain the factual and legal basis for counsel's opinion and shall give notice that the

4

> movant may file a response to the motion within 30 days
> of service of the motion upon the movant.

In his Motion to Withdraw, Rule 61 Counsel represents that he has undertaken a thorough analysis of the record and determined that Defendant's claims are not sufficiently meritorious to be ethically advocated.[1] Rule 61 Counsel further represents that his careful review of the record revealed no other meritorious claims for relief available to Defendant.[2] The Motion to Withdraw includes a detailed description of both factual and legal bases for this opinion, and gives Defendant proper notice of his right to respond within 30 days. Defendant did not respond to the Motion to Withdraw.

After conducting its own review of the record, this Court is satisfied with Rule 61 Counsel's representations in the Motion to Withdraw as Counsel, and the motion is **GRANTED**.

## MOTION FOR POSTCONVICTION RELIEF

Defendant raises three claims in the instant Rule 61 Motion: (1) the elements of Burglary were not met to satisfy the statute because there was no evidence that Defendant forced his way into the residence; (2) the assistance of his trial counsel was ineffective because Defendant was coerced into pleading guilty to a crime he

---

[1] Motion to Withdraw at 1, *State v. Bowers*, Case Nos. 1207007229, 1208008381 (Del. Super. Nov. 3, 2014).
[2] *Id.* at 11-12.

5

did not commit; and (3) the assistance of his trial counsel was ineffective because Defendant was coerced into pleading guilty to a crime for which the "element[s] of the crime don't fit [the] statute." Prior to addressing the substantive merits of any claim for postconviction relief, the Court must first determine whether Defendant has met the procedural requirements of Superior Court Criminal Rule 61.[3] If a procedural bar exists, then the claim is barred, and the Court should not consider the merits of the claim.[4] The procedural bars can be overcome if the claim falls within the "miscarriage of justice" or "fundamental fairness" exception set forth under Rule 61(i)(5). The Court finds that Defendant's first claim for relief cannot overcome the applicable procedural bar, and, therefore, will address the merits of Defendant's second and third claims only.

## I.    Procedural Bars

Rule 61(i) imposes four procedural imperatives: (1) the motion must be filed within one year of a final order of conviction; (2) any basis for relief must have been asserted previously in a prior postconviction proceeding; (3) any basis for relief must have been asserted at trial or on direct appeal as required by the court rules unless the movant can show cause for relief and prejudice to his rights; and (4) any basis for relief must not have been formally adjudicated in any proceeding.

---

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[4] *Id.*

After considering the four mandates, this Court finds that although Defendant's first claim for relief meets the first and second procedural requirements, it is barred by Rule 61(i)(3). Because Defendant's conviction resulted from a guilty plea, Defendant did not assert his claim at trial or on direct appeal. Defendant cannot establish "cause" to overcome this procedural hurdle because no external impediment prevented him from challenging the sufficiency of the evidence against him at trial, including the assertion that the elements of Burglary Second Degree were not met.[5] "[I]t is well-settled law that a knowing and intelligent guilty plea waives any objection to alleged errors or defects occurring prior to the entry of the plea."[6]

Finally, the Court analyzes Defendant's first claim under Rule 61(i)(5). Defendant's bare assertion that he was lawfully entitled to enter the home he pleaded guilty to burglarizing lacks factual support, and does not fall within the "interests of justice" or "fundamental fairness" exception found in Rule 61(i)(5). Accordingly, Defendant's first claim in the instant motion is procedurally barred. The Court next considers Defendant's second and third claims.

## II. Defendant's Claims for Ineffective Assistance of Counsel

---

[5] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).
[6] *Powell v. State*, 2010 WL 572129, at *2 (Del. Feb. 18, 2010) (TABLE) (citing *Miller v. State*, 840 A.2d 1229, 1232 (Del. 2003)).

The Court notes that Defendant's second and third claims for ineffective assistance of counsel are not procedurally barred because such claims are generally not considered on direct appeal.[7] Defendant alleges that the assistance of his trial counsel was ineffective because he was coerced into pleading guilty to a crime he did not commit, and because the "element[s] of the crime don't fit [the] statute." The crux of Defendant's argument is that because he was lawfully entitled to enter the home he allegedly burglarized, the elements of Burglary Second were not met, and, therefore, his guilty plea was "coerced."

The Court finds Defendant's contentions to be without merit. To prevail on a claim of ineffective assistance of counsel, the petitioner must meet the two-pronged *Strickland* test by showing that counsel performed at a level below an objective standard of reasonableness, and that the deficient performance prejudiced the defense.[8] In the context of a guilty plea, a defendant has the burden of showing that, but for his counsel's deficient performance, he would not have pleaded guilty and would have insisted on proceeding to trial.[9]

The record is devoid of evidence that trial counsel's performance fell below a standard of objective reasonableness. Defendant contends that he was a lawful

---

[7] *See Sahin v. State*, 7 A.3d 450, 451 (Del. 2010).

[8] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984).

[9] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997) (quoting *Albury v. State*, 551 A.2d 53, 60 (Del. 1988)).

resident of the house he burglarized. However, police reports and the record show that Defendant had been evicted from the residence weeks before he requested to return for his belongings. After the residents refused his entry, Defendant decided to enter the home through an unlocked window. He took valuables belonging to the other residents, and was ordered to pay $585 in restitution.

There was a sound factual basis for Defendant to enter his guilty plea, especially considering the exposure to additional prison time if he had elected to proceed to trial. Pursuing a plea agreement represented a sound trial strategy. Defendant acknowledged his guilt for the alleged offenses during the plea colloquy. In the absence of clear and convincing evidence to the contrary, Defendant is bound by his answers on the plea documents and his statements to the judge during the plea colloquy,[10] including his representation that he was satisfied with the performance of his trial counsel and was not threatened or forced into entering the plea.[11] The Court finds that Defendant cannot meet his burden under the *Strickland* test.

---

[10] *Purnell v. State*, 100 A.3d 1021, *3 (Del. 2014).

[11] *Collado v. State*, 2011 WL 6826442, at *2 (Del. Dec. 22, 2011) (TABLE). *See also Somerville*, 703 A.3d at 631 (citing *Davis v. State*, 1992 WL 401566 (Del. Dec. 7, 1992)) (stating that a defendant's statements to this Court during sentencing are presumed to be truthful).

9

# CONCLUSION

For the foregoing reasons, Rule 61 Counsel's Motion to Withdraw is **GRANTED**. Defendant's Motion for Post-Conviction Relief is **DENIED**.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Judge Vivian L. Medinilla

cc:     Prothonotary

10